UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN STONE :<br>    Plaintiff, :<br>:<br>vs. :<br>:<br>THE CITY OF ENFIELD AND OFFICER :<br>DOUGLAS MONTAS :<br>INDIVIDUALLY AND IN HIS OFFICIAL :<br>CAPACITY AS A POLICE OFFICER OF THE :<br>CITY OF ENFIELD :<br>    Defendants : | CIVIL ACTION NO:<br><br>302CV1362 (PCD)<br><br><br><br><br><br><br>February 17, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
REQUEST TO CHARGE AND JURY INTERROGATORIES ON ISSUE OF QUALIFIED**

**IMMUNITY**

Plaintiff hereby supplements his prior Memorandum of Law with regard to the issue of qualified immunity, only.

B. <u>Qualified immunity is an issue of law which must be decided by the Court.</u>

A consideration of the qualified immunity defense raises two questions: (1) Was the law governing the Defendant's conduct and/or creating the Plaintiff's federal rights clearly established at the time of the Defendant's actions? and (2) were the Defendant's actions "objectively reasonable"; that is, based upon the information available to the official at the time of his actions, could a reasonable official have believed his actions to be lawful? <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818-819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); <u>Anderson v. Creighton</u>, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

A determination as to whether the law was clearly established at the time of the

Defendant's actions always constitutes an issue of law.  <u>Anderson</u>, <u>supra</u>, 483 U.S. at 639.  It is this aspect of qualified immunity which the case of <u>Harlow v. Fitzgerald</u> addressed:

> On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred... If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful.  Until this threshold immunity question is resolved, discovery should not be allowed.  If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct.

<u>Harlow v. Fitzgerald</u>, <u>supra</u>, 457 U.S. at 818-819 (footnotes omitted).

The second issue, "objective reasonableness", may turn on disputed issues of fact which must be resolved in order to decide the issue of qualified immunity. See <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).  Thus, in <u>Anderson</u>, where the plaintiff claimed a violation of "the right to be free from warrantless searches of one's home unless the searching officers have probable cause and there are exigent circumstances", 483 U.S. at 638, the case was reversed because the lower court had refused to consider whether the specific circumstances facing the defendant in fact constituted probable cause and exigent circumstances.

Even though the issue of qualified immunity may depend upon the resolution of factual issues, it remains an issue of law to be decided by the court.  See, <u>e.g.</u> <u>Stein v. Board of City of New York</u>, 792 F.2d 13, 18 (2d Cir. 1988).  The Second Circuit Court of Appeals has made it clear that the jury should not be allowed to decide the ultimate issue of qualified immunity.  In <u>Warren v. Dwyer</u>, 906 F.2d 70 (2d Cir. 1990), the court

affirmed a jury charge given in a Section 1983 false arrest case which asked the jury to make a finding on the arresting officer's "reasonable belief" that the plaintiff had committed a crime. While noting that the Warren case did not squarely raised the issue of whether the jury should be permitted to make a finding on the ultimate issue of qualified immunity, the Second Circuit made clear its opinion on this matter:

> The better rule, we believe, is for the court to decide the issue of qualified immunity as a matter of law, preferably on a pretrial motion for summary judgment when possible, or on a motion for a directed verdict. If there are unresolved factual issues which prevent an early disposition of the defense, the jury should decide these issues on special interrogatories. The ultimate legal determination whether, on the facts found, a reasonable police officer should have known he acted unlawfully is a question of law better left for the court to decide.

Id. at 76.

The nature of the qualifeid immunity inquiry to be made in excessive force cases was recently determined by the United States Supreme Court in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2158, 150 L.Ed.2d 272 (2001). In Saucier the Court began by reaffirming the standard to be used in evaluating excessive force claims, set out in Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). As articulated in Saucier, Graham requires that claims of excessive force be analyzed under the Fourth Amendment's "objective reasonableness standard". 490 U.S. at 388, 394, 109 S.Ct. 1865. Because "police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation," id. at 397, 109 S.Ct. 1865, the reasonableness of the officer's belief as to the appropriate level of force are to be

3

judged from that on-scene perspective, with deference to the judgment of reasonable officers on the scene. Id. at 393, 396, 109 S.Ct. 1865. Under Graham, the jury is required to consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396, 109 S.Ct. 1865. See Saucier, supra, 121 S.Ct. at 2158. As described in Saucier, "If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed." Saucier, supra, 121 S.Ct. at 2158.

As the court in Saucier recognized, the "objective reasonableness" of the force used is not the only issue to be resolved in excessive force cases in order to determine a defendant's entitlement to qualified immunity:

> [T]he qualified immunity inquiry. . .has a further dimension. The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense.

Saucier, supra, 121 S. Ct. at 2158.

In the present case, this additional inquiry is not one which requires, or indeed

allows, resolution by the jury. The instructions given to the jury require them to choose between two different versions of the facts, one offered by the Plaintiff, which, if believed, would establish that Defendant used excessive force under an "objectively reasonable" standard and one offered by Defendant, which, if believed, would establish that Defendants' use of force was "objectively reasonable" in light of all the circumstances. If the jury finds in favor of the Plaintiff, crediting her version of events, it is this Court which must consider, on the facts most favorable to the Plaintiff, whether, as a matter of law, the Defendant could have reasonably, but mistakenly believed that the law allowed the use of such force under the circumstances. The "additional inquiry" contemplated by <u>Saucier</u> essentially requires this Court to apply the law as it existed at the time of the events of this case to the facts found by the jury, as evidenced by its version for either Plaintiff or Defendant in this case, and to decide whether, as a matter of law, the Defendant could have reasonably believed his actions to be lawful, therefore entitling him to qualified immunity.

It is significant that <u>Saucier</u> considered the issue of the availability of qualified immunity to Defendants on summary judgment, not at trial. In a concurring opinion, Justice Ginsburg, joined by Justices Stevens and Breyer, warned that the application of the analysis set out by the majority in <u>Saucier</u>, would, in practice, contribute little, other than confusion:

> Application of the Graham objective reasonableness standard is both necessary, under currently governing precedent, and, in my view, sufficient to resolve cases of this genre. The Court today tacks on to a Graham inquiry a second, overlapping objective reasonableness inquiry purportedly demanded by qualified immunity doctrine. The two-part test today's decision imposes holds large potential to confuse. Endeavors to bring the Court's abstract instructions down to earth, I suspect, will bear *2161 out what lower courts have already

observed--paradigmatically, the determination of police misconduct in excessive force cases and the availability of qualified immunity both hinge on the same question: Taking into account the particular circumstances confronting the defendant officer, could a reasonable officer, identically situated, have believed the force employed was lawful?

121 S. Ct. at 2160.

In this case, therefore, the only question the jury need resolve in order for the court to determine the issue of qualified immunity under Warren v. Dwyer is the same question that underlies its resolution of the excessive force claim in this case: was the use of force by each Defendant "reasonable" in light the circumstances. To the extent the court seeks to have an express finding by the jury on this issue, this can be accomplished by furnishing an interrogatory to the jury as set forth in Plaintiff's Request to Charge and for Jury Interrogatories, filed herewith.

                        PLAINTIFF,


                        By_____
                DAVID R. KRITZMAN
                    For Beck & Eldergill, P.C.
                    447 Center Street
                    Manchester, CT 06040
                    (860) 646-5606
                    Federal Bar No. CT 07484

**CERTIFICATION OF SERVICE**

      I hereby certify that a copy of the foregoing was mailed and delivered via e-mail on this 17th day of February, 2004, to the following:

Frank J. Szilagyi
Josephine A. Spinella
Silvester & Daly
72 Russ St.
Hartford, CT 06108

Maria N. Stavropoulos
Town of Enfield - Office of the Town Atty
820 Enfield St.
Enfield, CT 06082

                                        David R. Kritzman
                                        For Beck & Eldergill, P.C.